## MICHAEL v. STANTON.

*Master and servant — who is employer — Negligence.*

G. and S. occasionally exchanged labor with their teams. On one occasion G. sent a driver with a team to draw some material for S. *Held*, that while so employed the driver was the servant of G., and S. was not liable for the negligence of such driver.

The power to discharge is the test to determine in whose employ a servant is.

APPEAL by defendant from a judgment of the Onondaga county court affirming a judgment of a justice of the peace in favor of plaintiff.

Michael v. Stanton.

The action was brought by Florence Michael against Benjamin Stanton to recover for injuries to plaintiff's wagon, caused by a collision on the highway with a wagon in charge of one Hinckley, who was driving the horses attached to the same. It was claimed by plaintiff that Hinckley was in the employ of defendant. Defendant claimed that Hinckley was not in his employ, but was in the employ of one Gilbert if in that of any one. Other and sufficient facts appear in the opinion.

*Irving G. Vann*, for appellant.

*A. L. Johnson*, for respondent.

MULLIN, P. J. This action was commenced in a justice's court of the county of Onondaga to recover damages done to plaintiff's wagon by the negligence of defendant's servant. The plaintiff had judgment, and on appeal to the county court it was affirmed. The defendant now appeals to this court.

One Hinckley was drawing stave bolts belonging to defendant from Jamesville into the city of Syracuse. The plaintiff met the team driven by Hinckley on the canal bridge in Syracuse; plaintiff was going down the hill and Hinckley with his team was going up. The fore wheels of each of the wagons passed, but when the hind wheel of Hinckley's wagon came up to the fore wheel of plaintiff's, it struck plaintiff's fore wheel and broke out a spoke and injured the spring. The plaintiff testified that he turned to the right as far as he could. Hinckley testified that there was snow on the ground and that the hind wheels of his wagon slipped and struck plaintiff's wagon. It cost plaintiff $6 to get his wagon repaired. Gilbert and Stanton occasionally changed work with their teams. Gilbert sent Hinckley to draw the bolts for defendant and told him where to load. He (Hinckley) had worked for defendant before in changing work, and had been at Gilbert's when Stanton was there at work. This is the substance of all the evidence as to the master in whose employ Hinckley was on the occasion of the injury.

To authorize the justice to render a judgment against the defendant he must have found that Hinckley was in defendant's employ. Such is not the legitimate conclusion from the evidence. It seems to me clear that Hinckley was in Gilbert's employ, and the latter, and not Stanton, was holden for his negligence. The defendant did

not employ Hinckley, and had not the power to discharge him. This is the test by which to determine who is the master, and as such liable to the person injured. *Blake* v. *Ferris,* 5 N. Y. 48, and cases cited. No negligence was proved on the part of Hinckley. But that question was not distinctly raised on the trial and cannot be insisted on as a ground for reversing the judgment.

The judgment of the county court and of the justice must be reversed.

*Judgment reversed.*